IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM K. O'BRYAN, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-05-978-T |
| ) | |
| JO ANNE B. BARNHART, Commissioner, ) | |
|   Social Security Administration, ) | |
| ) | |
|    Defendant. | |

ORDER

     Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for review of the decision of the Commissioner of the Social Security Administration denying plaintiff's application for disability benefits. The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B). The parties fully briefed their respective positions and, on May 10, 2006, the magistrate judge filed his Report and Recommendation [Doc. No. 22] in which he recommended that the decision of the Commissioner be affirmed. Because plaintiff timely objected to the recommendation, the matter is reviewed *de novo*.

     The undersigned has reviewed the record submitted by the parties as well as the briefs filed herein. The Report and Recommendation sets forth in detail the chronology related to the defendant's consideration of plaintiff's claims, plaintiff's medical and psychiatric records, and the history of his treatment; it also accurately and thoroughly sets forth the legal standards governing this court's review of the defendant's decision. In objecting to the Report and Recommendation, plaintiff does not dispute the accuracy of the facts discussed or the legal standards governing this

matter.  Instead, he argues only  that the Administrative Law Judge ("ALJ") did not explain what weight was given to  the opinions of plaintiff's treating  psychiatrists and that the magistrate judge erred in failing to address this issue.

Plaintiff concedes that the ALJ expressly concluded  that the treating psychiatrists' opinions were not well supported by medically acceptable clinical and laboratory techniques or were inconsistent with the other substantial evidence in the record and that the magistrate judge noted this conclusion in the Report and Recommendation at page 23.  However, plaintiff argues, the ALJ failed to state what, if any, weight was given to the opinions of the treating psychiatrists,  Drs. Fermo and Crass.   He argues that, even if the ALJ finds the treating physicians' opinions to be deficient, he must explain what weight is given to those opinions.  Plaintiff contends that it the ALJ's failure to do so constitutes error.

Plaintiff asserted the same argument in his appeal and, contrary to his current contention, the magistrate judge discussed that issue in detail in the Report and Recommendation.  *See* Report and Recommendation at pages 21-24.  Plaintiff contends that, although the magistrate judge considered the ALJ to have disregarded the opinions of Drs. Fermo and Crass, the ALJ's decision does not support that conclusion.

The court disagrees.  In the decision of the ALJ, there is considerable discussion regarding the specific opinions of Drs. Fermo and Crass that plaintiff was unable to work.  *See* decision at pages 3-6, TR at pages 25-28.  Furthermore, the ALJ express refers to "assessing the weight to be given treating psychiatrists Fermo's and Crass's assessment of total disability." TR at page 28.  He concludes that their opinions that plaintiff is totally disabled are "not supported by medically acceptable  clinical  and  laboratory  techniques  and/or  not  consistent  with  the  other  substantial

evidence in the hearing record." TR at page 26. The ALJ then set forth in detail the reasons for that conclusion. TR at pages 26-28. As the magistrate judge concluded, the ALJ rejected the conclusory opinions of Drs. Fermo and Crass that plaintiff was totally disabled, and the court agrees that the ALJ explained his reasons for not giving weight to those conclusions.

As noted in the Report and Recommendation, as a general rule, the ALJ must "give controlling weight to a treating physician's well-supported opinion about the nature and severity of a claimant's impairments." Adams v. Chater, 93 F.3d 712, 714 (10th Cir. 1996). Contrary to plaintiff's contention, however, the ALJ is not required to accept a conclusory opinion that a claimant is disabled. Instead, the ALJ must "first consider whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003), *quoting* SSR 96-2p. "If the ALJ concludes that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record." *Id.* If the opinion is deficient in either respect, "it is not entitled to controlling weight." 350 F.3d at 1300. It is then entitled to be weighed along with the other evidence. *Id.*

A complete review of the ALJ's decisions reflects, as the magistrate judge noted in detail, that the ALJ correctly applied the legal standards for assessing the credibility of the treating psychiatrists' conclusions and, based on the substantial evidence in the record, rejected their conclusion that plaintiff is totally disabled. The court agrees with the magistrate judge that the ALJ did not err in his decision.

Having reviewed the record *de novo* and having considered plaintiff's objections to the Report and Recommendation, the court concludes that the magistrate judge correctly found no error in the ALJ decision. Accordingly, the Report and Recommendation [Doc. No. 22] is adopted as

though fully set forth herein.  The decision of the Commissioner is affirmed.

　　　　IT IS SO ORDERED this 12th of June, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE